IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KERI LYONS, | ) |
|         Plaintiff, | ) |
| | )    13 cv 1014 EJM |
| vs. | ) |
| CAROLYN W. COLVIN, | )    ORDER |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
|         Defendant. | |

Plaintiff brings this action seeking review of the Acting Commissioner's denial of her application for social security disability and supplemental security income benefits. Briefing was completed on October 7, 2013. The court has jurisdiction pursuant to 42 USC §405(g) and 1383(c)(3). Affirmed.

Claiming an onset date of July 1, 1998, and with a date last insured in 2003, plaintiff alleges disability due to depression, chronic urinary infections, chronic upper respiratory infections, chronic patellofemoral pain syndrome (knee pain), headaches, fatigue, obesity, and anxiety. She asserts the Administrative Law Judge (ALJ) failed to properly weigh the medical evidence in the record. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Although plaintiff may have had periods of severe impairment of patellar chodromalacia with a history of arthroscopic surgery and depression with general anxiety after January 19, 2010, there was no evidence that she had this severe impairment for any twelve consecutive month period between July 1, 1998, the alleged date of onset, and December 31, 2003, the date last insured. The record during the relevant period shows that she had full range of motion and was in no acute distress, (Tr. 20, 366), her X-rays were normal (Tr. 20, 316), and her discomfort was resolved by April 2002 (Tr. 20, 361-62.) She admitted that she had no history of knee pain during that period. (Tr. 366.) Even after an October 2003 car accident, plaintiff's X-rays were again normal, (Tr. 20, 340), her gait was "fairly good" (Tr. 20, 340), and she reported no knee pain to Doctor Christine Sinsky, M.D., in December 2003, (Tr. 20, 334-35), her last month of insurance. Therefore, the ALJ properly found that plaintiff was not disabled during the relevant time.

In addition, the ALJ found that plaintiff's urinary issues and menstrual problems were too infrequent to be considered severe, and there was no basis to find that they would significantly limit basic work activity. The medical record here, which includes a diagnosis of urinary frequency probably related to habitual polydipsia, (Tr. 21, 360), supports that conclusion.

The ALJ permissively discounted the credibility of plaintiff's subjective allegations, which were inconsistent with the medical records in this case, including the absence of any objective findings concerning plaintiff's knee pain, that plaintiff could generally care for herself and her children, that she held part time work during her period of claimed disability together with the fact that this work was part time instead of full time only because she had to care for her young daughter, not because she was disabled. The ALJ's restrictive Residual Functional Capacity (RFC) finding, that Ms. Lyons cold perform a reduced range of light work, accounts for any credible limitations that plaintiff may have had.

Upon review of the record, it is the court's view that the ALJ properly characterized the nature of the medical evidence in the record, and properly or at least permissively characterized those impairments as not severe.

Upon the foregoing, and without minimizing the seriousness of plaintiff's impairments, the court is satisfied that the ALJ's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

October 11, 2013

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

3